1 KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
2 MITCHELL SILBERBERG & KNUPP LLP
 11377 West Olympic Boulevard
3 Los Angeles, CA  90064-1683
 Telephone: (310) 312-2000
4 Facsimile:  (310) 312-3100

5 JEFFRY H. NELSON (*pro hac vice*)
  jhn@nixonvan.com
6 NIXON & VANDERHYE P.C.
 901 N. Glebe Rd., 11th Floor
7 Arlington, VA 22203
 Telephone:  (703) 816-4000
8 Facsimile:   (703) 816-4100

9 Attorneys for Defendant
 Yamaha Corporation of America
10

11     UNITED STATES DISTRICT COURT

12   CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

13

14 IRA PAZANDEH,     CASE NO. 8:16-cv-01849-JVS-DFM

15    Plaintiff,    Honorable Douglas F. McCormick

16   v.      **PROTECTIVE ORDER**

17 YAMAHA CORPORATION OF
 AMERICA,
18
    Defendant.
19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

# **PROTECTIVE ORDER**

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

The parties to the above-captioned action believe that good cause exists for entry of this Protective Order.  In this action, Ira Pazandeh, plaintiff in pro per, is suing Yamaha Corporation of America "Yamaha" for willful infringement of U.S. Patent No. 7,577,265 ("the '265 patent") and unfair competition under California's Business & Professions Code, §17200.

Mr. Pazandeh is the named inventor on several U.S. patents directed to audio speaker technologies, including the '265 patent.  Mr. Pazandeh alleges that he is engaged in ongoing inventive work involving audio speaker technologies.  Mr. Pazandeh prosecuted, partially on his own, before the U.S. Patent and Trademark Office the patent application that issued as the '265 patent.

Defendant Yamaha is engaged in selling audio speakers that are, in whole or in part, designed and made by NEXO S.A. (Yamaha and Nexo are related by a common parent corporation, which is Yamaha Corporation of Japan), including the audio speakers accused by Mr. Pazandeh of infringing the '265 patent.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court for entry of the following Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.4 below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets

forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B.  GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information, and other internal business records of the parties and of third parties for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary information and material consists of, among other things, confidential business or financial information, information related to confidential business practices, confidential research, development, technical and commercial information (including information implicating privacy rights of third parties), and information that otherwise is unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  In that regard, to facilitate the flow of information and timely resolution of disputes over confidentiality of discovery material, to adequately protect information the parties are entitled or legally bound to keep confidential, to ensure that the parties are allowed reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the treatment of the confidential and proprietary information upon termination of this action, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties intend and agree that (1) information will not be designated as confidential for any tactical reason, (2) no information be designated as confidential without a good faith belief that said information has been maintained in a confidential, non-public manner, and (3) there is good cause why the information should not be part of the public record of this case.

If a confidentiality order is not granted, competitors of Yamaha and Mr. Pazandeh will have access to their respective competitively sensitive information

1   and thereby obtain an unfair competitive advantage as well as the opportunity to

2   access closely protected information over which the parties, in the ordinary course

3   of business, keep as proprietary and confidential.  The interests of third parties

4   from whom discovery may be sought in this action would also be harmed as each

5   would separately be required to seek entry of a protective order to maintain the

6   confidentiality of their proprietary and confidential information.  The protective

7   order proposed by the parties addresses this issue and will thus minimize the

8   burden on third parties in this regard.

9         In view of Mr. Pazandeh's decision to prosecute this lawsuit pro per

10  (without the assistance of a lawyer), his positions as an inventor and *pro se*

11  prosecutor of his patent applications, and his assertion that he and Yamaha are

12  competitors (as evidenced by the allegation in the Complaint that Yamaha has

13  competed unfairly with him) it is necessary to establish parameters by which Mr.

14  Pazandeh can have access to and use protectable confidential information of

15  Yamaha and third parties whose confidential information may be produced in this

16  action, including information of Yamaha Corporation of Japan and NEXO S.A.

17        The proposed protective order will not harm the public interest in

18  access to public record information because the parties must still follow the

19  Court's procedures for filing information and materials under seal.  See e.g.,

20  *WhatRU Holding, LLC v. Bouncing Angels, Inc.,* No. CV 14-5187, slip op., at *2

21  (C.D. Cal. Oct. 9, 2014).

22        As the Court has reminded the parties of their obligation under Rule

23  26(a)(1) "to disclose information (without awaiting a discovery request)" and

24  ordered the parties to "comply fully with the letter and spirit of Rule 26(a) and

25  thereby obtain and produce most of what would be produced in the early stage of

26  discovery" before the Scheduling Conference (currently scheduled for January 23,

27  2017), the parties cannot delay seeking entry of a protective order that will govern

28  disclosure and treatment of confidential information.  (Dkt. No. 11).

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a Party, a current employee or consultant of a Party or of a Party's competitor, and has not been employed by or been a consultant to a Party or a Party's competitor during the past five (5) years, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

At least fourteen (14) days before Protected Material is disclosed to an Expert, the Receiving Party shall give to the Designating Party: (1) the Expert's

4

1 signed ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND, (2) a list

2 of the Expert's current employer, past employers for the past five years, and a list

3 of persons (including corporations) for whom the Expert has been a consultant, in

4 the field of audio engineering from the present and any time during the past five

5 years.  Within ten (10) days after receiving this information on an Expert, the

6 Designating Party may serve a written objection to the Receiving Party stating

7 grounds for why Protected Material should not be given to the Expert. If a timely

8 written objection is served, the Receiving Party and/or the Designating Party will

9 not give Protected Material to the Expert until the Designating Party withdraws the

10 objection or the Court issues an Order governing the Expert's access to the

11 Protected Material.

12      2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

13 Information or Items: extremely sensitive "Confidential Information or Items,"

14 disclosure of which to another Party or Non-Party would create a substantial risk of

15 serious harm that could not be avoided by less restrictive means.

16      2.9    House Counsel: Employees, and their support staff, of each party who

17 provide legal-related advice on an exclusive basis to their party or related

18 companies to the party, are substantively involved in the management or

19 supervision of the litigation, and are not involved decision making regarding the

20 design, marketing, distribution of sales of products for the party.  An employee of a

21 related corporation of a party, such as Yamaha Corporation of Japan and Nexo

22 S.A., may be treated as an "employee" for purposes of this section. House Counsel

23 are not required to be U.S. attorneys and are not Outside Counsel of record.

24      2.10   Non-Party: any natural person, partnership, corporation, association,

25 or other legal entity not named as a Party to this action.

26      2.11   Outside Counsel of record: attorneys who are not employees of a

27 party to this action but are retained to represent or advise a party to this action and

28 have appeared in this action on behalf of that party or are affiliated with a law firm

which has appeared on behalf of that party. Yamaha's outside counsel in France (the Santarelli law firm) is Outside Counsel of record for purposes of this Order.

2.12   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or

6

otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the Inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions

thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A or B, as appropriate) are present at those proceedings. The use of a document as an exhibit at a

9

1  deposition shall not in any way affect its designation as "CONFIDENTIAL" or
2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3       Transcripts containing Protected Material shall have an obvious legend on
4  the title page that the transcript contains Protected Material, and the title page shall
5  be followed by a list of all pages (including line numbers as appropriate) that have
6  been designated as Protected Material and the level of protection being asserted by
7  the Designating Party.  The Designating Party shall inform the court reporter of
8  these requirements.  Any transcript that is prepared before the expiration of a 21-
9  day period for designation shall be treated during that period as if it had been
10  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its
11  entirety unless otherwise agreed. After the expiration of that period, the transcript
12  shall be treated only as actually designated.

13       (c)     for information produced in some form other than documentary and
14  for any other tangible items, that the Producing Party affix in a prominent place on
15  the exterior of the container or containers in which the information or item is
16  stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
17  ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or
18  item warrant protection, the Producing Party, to the extent practicable, shall
19  identify the protected portion(s) and specify the level of protection being asserted.

20       5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
21  failure to designate qualified information or items does not, standing alone, waive
22  the Designating Party's right to secure protection under this Order for such
23  material.  Upon timely correction of a designation, the Receiving Party must make
24  reasonable efforts to assure that the material is treated in accordance with the
25  provisions of this Order.

26       //
27       //
28       //

10

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

        6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of

challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a

1   Receiving Party must comply with the provisions of section 13 below (FINAL
2   DISPOSITION).

3          Protected Material must be stored and maintained by a Receiving Party at a
4   location and in a secure manner that ensures that access is limited to the persons
5   authorized under this Order.

6          7.2     Disclosure of "CONFIDENTIAL" Information or Items.

7          A Designating Party shall deliver Protected Material directly to the Outside
8   Counsel of record for the Receiving Party.  Where Mr. Pazandeh is the Receiving
9   Party and only while he is not represented by Outside Counsel of record, the
10  Designating Party shall deliver Protected Material that is designated
11  CONFIDENTIAL directly to Mr. Pazandeh.

12         Unless otherwise ordered by the court or permitted in writing by the
13  Designating Party, a Receiving Party may disclose any information or item
14  designated "CONFIDENTIAL" only to:

15         (a)     Plaintiff (Mr. Pazandeh) and up to five individuals employed by
16  Defendant (Yamaha Corporation of America) and/or non-party Nexo S.A.,
17  provided that they have signed the "Acknowledgment and Agreement to Be
18  Bound" (Exhibit A);

19         (b)     the Receiving Party's Outside Counsel of record in this action, as well
20  as employees of said Outside Counsel of record to whom it is reasonably necessary
21  to disclose the information for this litigation;

22         (c)     House Counsel to who it is reasonably necessary to disclose the
23  information for this litigation.  House Counsel are persons in addition to the
24  individuals having access under section 7.2(a);

25         (d)     Experts (as defined in this Order) of the Receiving Party to whom
26  disclosure is reasonably necessary for this litigation and who have signed the
27  "Acknowledgment and Agreement to Be Bound" (Exhibit B);

28         (e)     the court and its personnel;

13

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A or B, as appropriate), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Where Mr. Pazandeh is the Receiving Party and while he is not represented by Outside Counsel of record, the Designating Party shall hold Protected Material that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until Mr. Pazandeh is represented by Outside Counsel of record or until Mr. Pazandeh arranges for an Expert who agrees to the attached ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND, and who is disclosed by Mr. Pazandeh to the Designating Party in accordance with Section 2.7. Any objection to the Expert shall be resolved as stated in Section 2.7.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts</u>.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making regarding products.

15

1   (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

2   Designating Party, a Party that seeks to disclose to an Expert (as defined in this

3   Order) any information or item that has been designated "HIGHLY

4   CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

5   first must make a written request to the Designating Party that (1) identifies the

6   general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7   ONLY" information that the Receiving Party seeks permission to disclose to the

8   Expert, (2) sets forth the full name of the Expert and the city and state of his or her

9   primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies

10  the Expert's current employer(s), (5) identifies each person or entity from whom

11  the Expert has received compensation or funding for work in his or her areas of

12  expertise or to whom the expert has provided professional services, including in

13  connection with a litigation, at any time during the preceding five years,[1] and (6)

14  identifies (by name and number of the case, filing date, and location of court) any

15  litigation in connection with which the Expert has offered expert testimony,

16  including through a declaration, report, or testimony at a deposition or trial, during

17  the preceding five years.

18  (b)   A Party that makes a request and provides the information specified in

19  the preceding respective paragraphs may disclose the subject Protected Material to

20  the identified Designated House Counsel or Expert unless, within 14 days of

21  delivering the request, the Party receives a written objection from the Designating

22  Party. Any such objection must set forth in detail the grounds on which it is based.

23  (c)   A Party that receives a timely written objection must meet and confer

24  with the Designating Party (through direct voice to voice dialogue) to try to resolve

25

26  _____

[1] If the Expert believes any of this information is subject to a confidentiality

27  obligation to a third-party, then the Expert should provide whatever information
the Expert believes can be disclosed without violating any confidentiality

28  agreements, and the Party seeking to disclose to the Expert shall be available to
meet and confer with the Designating Party regarding any such engagement.

the matter by agreement within 10 days of the written objection pursuant to Civil Local Rule 37-1.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

17

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

18

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[3]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

19

under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless (1) the Designating Party seeks reconsideration within four days of the denial, or (2) is otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether

the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

DATED: <u>FEBRUARY 14, 2017</u>

Honorable Douglas F. McCormick
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IRA PAZANDEH, | CASE NO. 8:16-cv-01849-JVS-DFM |
| Plaintiff, | Honorable James V. Selna |
| v. | |
| YAMAHA CORPORATION OF AMERICA, | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |
| Defendant. | |

I, _____ [print or type full name], of _____ [print or type full address], state that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the above captioned civil action. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

1    I state under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.

3

4              Signed:   _____

5              Name: _____

6              Date: _____

24

# EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IRA PAZANDEH, | CASE NO. 8:16-cv-01849-JVS-DFM |
|       Plaintiff, | Honorable James V. Selna |
|   v. | |
| YAMAHA CORPORATION OF AMERICA, | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND [EXPERTS]** |
|       Defendant. | |

I, _____ [print or type full name], of _____ [print or type full address], state that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the above captioned civil action. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I have been retained by _____ (insert name of Party) or its counsel to serve as an expert witness or as a consultant in this lawsuit. I am not a Party to this lawsuit, am not a current employee or a consultant of a Party or of a Party's competitor, have not been employed by or been a consultant to any Party or Party's competitor during the past five (5) years, and do not anticipate to become an

1    employee or consultant of any Party or of a Party's competitor, other than to serve

2    as an expert witness.  Attached is a list of my current employer, my past employers

3    for the past five years, and a list of persons (including corporations) that I have

4    done work, including consulting work, in the field of audio engineering from the

5    present and any time during the past five years.

6         I understand and agree that Protected Material marked as HIGHLY

7    CONFIDENTIAL – ATTORNEYS' EYES ONLY is to be shared with and

8    discussed only with Outside Counsel, and specifically may not be shared with or

9    discussed with Mr. Pazandeh or employees of Yamaha Corporation of America

10    unless they are the authors or source of the Protected Material.

11

12         I further agree to submit to the jurisdiction of the United States District

13    Court for the Central District of California for the purpose of enforcing the terms

     of this Protective Order, even if such enforcement proceedings occur after

14    termination of this action.

15

16         I state under penalty of perjury under the laws of the United States of

17    America that the foregoing is true and correct.

18

19

20             Signed:  _____

21             Name: _____

22             Date: _____

23

24

25

26

27

28