JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IRA PAZANDEH, | CASE NO. 8:16-cv-01849-JVS-DFM |
| Plaintiff, | Honorable James V. Selna |
| v. | **ORDER GRANTING YAMAHA'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B) AND ENTERING FINAL JUDGMENT** |
| YAMAHA CORPORATION OF AMERICA, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM | |

Having considered Defendant Yamaha Corporation of America's motion for final judgment pursuant to Fed. R. Civ. P. 54(b) filed September 11, 2017, this Court **GRANTS** Yamaha's motion and makes the following findings and judgments:

1. On January 26, 2017, an Order was entered dismissing Plaintiff's ("Pazandeh's") claim that Defendant ("Yamaha") violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"). Dkt. Nos. 22, 22-1. Pazandeh did not file an amended complaint as permitted and the Court's dismissal of the UCL claim is final.

1. On July 25, 2017, summary judgment of non-infringement was entered by granting Yamaha's motion for summary judgment that the accused ID Series and STM M28 speakers, the only accused products, do not infringe claims 1, 2, and 4 of U.S. Patent No. 7,577,265 ("the '265 Patent") literally or under the doctrine of equivalents. Dkt. No. 57. This order disposed of Pazandeh's patent infringement claims and Yamaha's counterclaim for a declaration of non-infringement, and is final.

2. All claims asserted by Pazandeh in the Complaint are DISMISSED WITH PREJUDICE.

3. Yamaha's First Counterclaim seeking a declaration that it does not infringe the '265 Patent is GRANTED.

4. The only claim remaining to be adjudicated is Yamaha's claim that the '265 Patent is invalid. Yamaha has requested to dismiss without prejudice its claim of invalidity as being moot.

5. Yamaha's Second Counterclaim seeking a declaration that claims 1 and 4 of the '265 Patent are invalid is DISMISSED WITHOUT PREJUDICE.

6. All claims of the parties in this Action have been adjudicated or dismissed.

1     7.     The Court certifies that there is no just reason to delay entry of final judgment because the sole undecided claim of invalidity is moot, it would be inefficient to devote the resources of this Court and the parties to litigate invalidity while the holding of non-infringement remains in effect, the issues decided in finding non-infringement are substantially separate and distinct from the issues to be decided on invalidity, and the equities favor entering final judgment.

    8.     Yamaha is the prevailing party.

The Clerk is directed to enter this Judgment.

DATED: NOVEMBER 17, 2017

                                            Honorable James V. Selna
                                            United States District Judge

2